UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:09-CR-54(15) |
| | ) | |
| JOSE ELPIDIO CABRERA | ) | |

# MEMORANDUM OPINION AND ORDER

This criminal matter is before the Court to consider the defendant's Motion for Judgment of Acquittal. [Doc. 419]. The government has filed a response to this motion and this matter is ripe for disposition. [Doc.434].

**PROCEDURAL BACKGROUND**

On June 9, 2009, the federal grand jury returned an indictment against the defendant charging him in Count 24 with a conspiracy to distribute and to possess with the intent to distribute five hundred grams or more of cocaine in violation of 21 U.S.C. §§ 841(A)(1) and 846. After a plea of not guilty, the defendant proceeded to trial on March 23, 2010. At the close of the government's proof on March 24, 2010, the defendant made an oral motion for judgment of acquittal that was denied.

1

On March 26, 2010, at the close of all the proof in the case, the defendant renewed his oral motion for judgment of acquittal which was also denied. The jury returned a verdict finding the defendant guilty of Count 24 on March 26, 2010. The defendant filed his pending motion for judgment of acquittal on April 2, 2010.

**ANALYSIS**

The defendant asserts, in part, that the evidence was insufficient to sustain his conviction in this case because there was no cocaine to present to the jury, no evidence that the government bought cocaine from the defendant, no cocaine was found during the traffic stop of the defendant, no search warrant was executed on any of the defendant's property, and out of 19,899 conversations captured on a wiretap, there were none with the defendant. The defendant also asserts that various prosecution testimony was contradicted by other testimony at trial.

The defendant's arguments which center on the prosecution's use of circumstantial versus direct evidence or that pit the witnesses' testimony against each other misconstrues the applicable standard of review. *United States v. McCaleb*, 302 Fed.Appx. 410, 414 (6th Cir. 2008). A motion for judgment of acquittal challenges the sufficiency of the evidence to support a conviction. *United States v. King*, 169 F.3d 1035, 1038 (6th Cir.). This court must determine whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have

found the essential elements of the crime beyond a reasonable doubt." *United States v. Landham*, 251 F.3d 1072, 1083 (6th Cir.2001) ( quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). In doing so, all available inferences and credibility issues are resolved in favor of the jury's verdict. *United States v. Salgado*, 250 F.3d 438, 446 (6th Cir.2001). Even circumstantial evidence may sustain a conviction so long as the totality of the evidence was substantial enough to establish guilt beyond a reasonable doubt. *United States v. Phibbs*, 999 F.2d 1053, 1064 (6th Cir.1993).

Pursuant to 21 U.S.C. § 841(a)(1), it is unlawful for any person to knowingly and intentionally distribute, or possess with intent to distribute, a controlled substance. Any person who conspires to commit a violation of § 841(a)(1) is guilty of conspiracy under 21 U.S.C. § 846. Thus, "[t]o establish a drug conspiracy, the government must prove (1) an agreement to violate drug laws; (2) knowledge and intent to join the conspiracy; and (3) participation in the conspiracy." *United States v. Layne*, 192 F.3d 556, 567 (6th Cir.1999).

The Court FINDS that the testimony of James Alfred Sisk (Sisk) was sufficient to establish the essential elements of the crime of conspiracy beyond a reasonable doubt, and therefore, to sustain the guilty verdict. Sisk testified that he obtained quantities of cocaine from the defendant for Thomas Grant Williams ("Williams") during the summer and early fall of 2008. After the defendant returned

from a trip to Mexico in January of 2009, Sisk again obtained cocaine from him for Williams. Intercepted telephone calls between Sisk and Williams as well as law enforcement surveillance of a meeting between Sisk and the defendant corroborated Sisk's testimony.

**CONCLUSION**

After viewing the evidence in the light most favorable to the prosecution, and after resolving all available inferences and credibility issues in favor of the jury's verdict, the Court FINDS that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Accordingly, it is hereby **ORDERED** that the defendant's motion for judgment of acquittal is **DENIED.** [Doc. 419].

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE